**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

HILAND TOMRELL,
MARTIN TOMRELL, and
JOSHUA TOMRELL,

Plaintiffs,

v.

CASE NUMBER:
HONORABLE:

OAKLAND COUNTY, JORGE LANDEROS, DONALD GREENWALD, JERRIT PARRISH, CODY JOHNSON, PAUL FLAVIANI, and JOHN DOE DEPUTIES, in their individual and official capacities,

Defendants.

______________________________________________________________/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

______________________________________________________________/

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

# COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants state as follows:

1. At the time of the incident complained of, Plaintiffs were residents of the County of Oakland; and upon information belief, are currently residents of Oakland County.

2. Defendant Oakland County is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Jorge Landeros, Donald Greenwald, Jerrit Parrish, Cody Johnson, Paul Flaviani, and John Doe Deputies are and/or were working as sheriff deputies for the Oakland County Sheriff's Department at the time of the incident complained of; and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All relevant events giving rise to this lawsuit occurred in the County of Oakland, State of Michigan.

5. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment to the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

7. This Court also has supplemental jurisdiction over Plaintiff's state law claims.

8. That the amount in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

**FACTS**

9. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

10. The events giving rise to the instant Complaint occurred on or about November 7, 2024.

11. The incident complained of occurred at Plaintiffs' residence, which was located in Clarkston, Michigan.

12. In the very late evening hours of November 7, 2024, all three Plaintiffs were at their residence, which was a manufactured home, minding their own business.

13. Members of the Oakland County Sheriff's Department, including but not limited to each of the individually named Defendants named herein, were involved in the execution of a search warrant conducted at Plaintiffs' home.

14. Upon their initial entry into the home, Defendants Jorge Landeros, Donald Greenwald, Jerrit Parrish, Cody Johnson, Paul Flaviani, and/or John Doe Deputies without warning or justification needlessly, senselessly, and forcefully grabbed

Plaintiff Hiland Tomrell from a couch and threw him to the ground; despite no resistance having been given from Plaintiff Hiland Tomrell.

15. One of the individually-named Defendants also jammed a gun in the shoulder of Plaintiff Hiland Tomrell, causing pain and injury.

16. Plaintiff Hiland Tomrell was handcuffed behind his back.

17. Defendant Johnson handcuffed Plaintiff Martin Tomrell behind his back in an extremely tight manner.

18. Defendant Landeros handcuffed Plaintiff Joshua Tomrell behind his back in an extremely tight manner.

19. Plaintiff Joshua Tomrell and Plaintiff Martin Tomrell complained that the handcuffs were too tight and they were in pain; but Defendants Landeros, Johnson, and Parrish did nothing; instead, Plaintiffs were told the handcuffs would be adjusted "in a minute." However, that promise of a forthcoming "adjustment" never happened.

20. Despite Plaintiffs' compliance and not otherwise being a threat to the safety of the officers, Plaintiffs were handcuffed for an extended period of time and were not allowed to leave.

21. During the execution of the search warrant, Defendants did not have any respect for Plaintiffs' residence and/or the property contained therein; they ripped doors off of kitchen cabinets, they smashed a kitchen drawer on the ground, they

broke a kitchen window, and opened sealed cans of food and dumped the contents in the sink.

22. No charges were brought against Plaintiff Hiland Tomrell or Plaintiff Martin Tomrell, and the only charge brought against Plaintiff Joshua Tomrell was for an unrelated matter.

23. That as a direct and proximate result of Defendants' unreasonable and unlawful actions, Plaintiffs sustained significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

24. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

25. That all of the individually-named Defendants were at all relevant times acting under color of law, in their individual and official capacities, and acting within the course and scope of their employment.

26. As a result of the conduct complained of herein, Plaintiffs suffered a deprivation of their clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from the deprivation of liberty, property, bodily security, and integrity without due process of law, the right to be

free from unreasonable searches and seizures, and the right to be free from excessive force.

27. That all of the individually-named Defendants violated Plaintiffs' clearly established and federally protected rights by using excessive and unreasonable force against Plaintiffs.

28. All of the individually-named Defendants acted under law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

29. That all of the individually-named Defendants' actions were at all times intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent and otherwise in violation of Plaintiffs' clearly established rights under the United States Constitution.

30. As a result of all of the individually-named Defendants' violations/deprivations of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## COUNT II
## VIOLATIONS OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 FALSE ARREST

31. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

32. That all of the individually-named Defendants were at all times acting under color of law and in their individual and official capacities.

33. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

34. At all material times, all of the individually-named Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they initiated and/or caused Plaintiffs to be falsely arrested.

35. All of the individually-named Defendants acted unreasonably and failed in their duties when they caused Plaintiffs to be arrested without a valid legal basis or otherwise considering the totality of the circumstances.

36. All of the individually-named Defendants acted under law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

37. All of the individually-named Defendants' unlawful and unconstitutional actions and/or inactions were the direct and proximate cause of Plaintiffs' deprivation of his constitutional rights.

38. Due to all of the individually-named Defendants' actions and/or inactions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request that this Honorable Court award Plaintiffs exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## GROSS NEGLIGENCE

39. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

40. The governmental agency that employed all of the individually-named Defendants was engaged in the exercise or discharge of a governmental function; and at all times mentioned herein, all of the individually-named Defendants were engaged in the exercise and/or discharge of a governmental function.

41. The conduct of all of the individually-named Defendants amounted to gross negligence that was the proximate cause of Plaintiffs' injuries and damages.

42. All of the individually-named Defendants' actions were such that they completely ignored the potential risks of injury to Plaintiffs.

43. All of the individually-named Defendants had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiffs.

44. Notwithstanding these duties, all of the individually-named Defendants breached their duties with deliberate indifference and gross negligence and without regard to Plaintiffs' rights and welfare, which caused serious injuries and damages to Plaintiff.

45. All of the individually-named Defendants knew or should have known that by breaching these duties, harm would come to Plaintiffs.

46. All of the individually-named Defendants engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted; thereby causing Plaintiffs to sustain injuries and damages.

47. That as a direct and proximate result of all of the individually-named Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiffs sustained injuries and damages.

48. The actions and/or inactions of all of the individually-named Defendants were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe; thus, Plaintiffs are entitled to exemplary damages.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

**COUNT IV**
**CONSTITUTIONAL VIOLATIONS**
**AS TO DEFENDANT OAKLAND COUNTY**

49. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

50. Defendant Oakland County acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiffs.

51. These customs, policies, and/or practices included but were not limited to the following:

a. Failing to train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

b. Failing to adequately train and/or supervise its police officers regarding the proper uses of force;

c. Failing to adequately train and/or supervise its police officers regarding proper and appropriate de-escalation techniques prior to engaging in force;

d. Failing to supervise, review, and/or discipline its police officers who Defendant Oakland County knew or should have known were violating or were prone to violating citizen's constitutional rights, thereby permitting and/or encouraging officers to engage in such unlawful conduct.

e. Failing to adequately train and/or supervise its police officers regarding lawful arrests and/or detentions.

52. Defendant Oakland County's conduct demonstrated a substantial lack of concern for whether an injury resulted.

53. Defendant Oakland County's acts and/or indifferences and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

54. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiffs have a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §§ 1983 and 1988.

**WHEREFORE,** Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00), not including interest, attorney fees, and costs.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (PP77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

Dated: November 13, 2026
KRD/scc

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

HILAND TOMRELL,
MARTIN TOMRELL, and
JOSHUA TOMRELL,

Plaintiffs,

v.

CASE NUMBER:
HONORABLE:

OAKLAND COUNTY, JORGE LANDEROS, DONALD GREENWALD, JERRIT PARRISH, CODY JOHNSON, PAUL FLAVIANI, and JOHN DOE DEPUTIES, in their individual and official capacities,

Defendants.

____________________________________________________________/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

____________________________________________________________/

# DEMAND FOR TRIAL BY JURY

**NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby make a demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
KRYSTINA R. DOSS (P77365)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com
krystina.doss@cjtrainor.com

Dated: November 13, 2026
SCC/